UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT LEE MURRAY, also known as
Leviticus Lucifer of Tribe Shabazz Descendent
of Hebrew Slaves,

                        Plaintiff,

                  -against-

DONOUD TRUMP, INC.; JOHN DOE
CORPORATIONS built of the Back of Slavery;
DONAUD TRUMP, CEO; JOHN DOES, CEOS,

                      Defendants.

22-CV-7743 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is currently detained in the North Infirmary Command on Rikers Island, brings this *pro se* action invoking the Court's federal question jurisdiction. By order dated October 4, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis*, that is, without prepayment of fees.[1]

## STANDARD OF REVIEW

      The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. See 28 U.S.C. § 1915(b)(1).

636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Robert Lee Murray, who indicates that he is also known as Leviticus Lucifer, brings this action asserting unspecified violations of his federal constitutional rights. He seeks reparations for the legacy of slavery and discrimination in the United States, including "40 acres

and a mule," and "damages from the day [former President Abraham] Lincoln was killed," to be paid "from the corporations . . . of the U.S." ECF 2 at 7. Plaintiff sues the following private individuals and entities: "Donoud Trump, Inc."; Chief Executive Officer (CEO) Donald Trump (sued as "Donaud Trump CEO"); "John Doe Corporations built of The Back of Slavery," and "John Doe CEOs."

## DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under the color of state law (a "state actor") violated a right secured by the Constitution or laws of the United States. *West v. Atkins*, 487 U.S. 42, 48-49 (1988). Because a plaintiff must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage," 42 U.S.C. § 1983, private parties are generally not liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties.").

Plaintiff has named only private parties in this action. He sues unidentified "John Doe CEOs," "Donaud Trump CEO," "Donoud Trump, Inc.," and "John Doe Corporations built of The Back of Slavery."[2] As all defendants are private parties, Plaintiff has not stated a claim against these defendants under Section 1983.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*,

---

[2] Although Donald J. Trump was the 45th President of the United States, as of the time of filing the complaint, he no longer serves in that or any other government office. Moreover, he has been sued herein as Chief Executive Officer of a private company.

3

657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Here, it would be futile for Plaintiff to replead his claims against these private defendants. Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court declines, under 28 U.S.C. § 1367(c), to exercise supplemental jurisdiction of any state law claims that Plaintiff may be asserting.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court shall enter judgment in this matter.

SO ORDERED.

Dated:   October 24, 2022
            New York, New York

                                                /s/ Laura Taylor Swain
                                                 LAURA TAYLOR SWAIN
                                              Chief United States District Judge