UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT LEE MURRAY,

            Plaintiff,

    -against-

DONOUD TRUMP, INC., et al.,

            Defendants.

22-CV-7743 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff filed this action *pro se*, asserting claims for violations of his constitutional rights under 42 U.S.C. § 1983. On October 24, 2022, the Court dismissed the Section 1983 claims for failure to state a claim because Plaintiff asserted these Section 1983 claims against private parties. The Court declined to exercise supplemental jurisdiction of any state law claims (ECF 5), and judgment was entered the same day. (ECF 6.)

      Twenty-one days after judgment entered, on November 15, 2022, the Court received Plaintiff's motion for an extension of time to file a notice of appeal (ECF 7) and his motion for leave to proceed *in forma pauperis* on appeal (ECF 8). Because Plaintiff was detained at the time he brought this action, the "prison mailbox rule" applies to his documents. Under this rule, Plaintiff's documents are deemed filed as of the date that he gave them to prison officials for mailing. Plaintiff's motion for an extension of time to appeal is dated November 9, 2022, and the Court assumes that he gave it to prison officials for mailing on that date. So construed, the motion for an extension of time to appeal was filed only 15 days after judgment was entered in this action.

      A litigant has 30 days from entry of the order or judgment he wishes to challenge to file a notice of appeal. Fed. R. App. P. 4(a)(1)(A). Because the 30-day period for filing an appeal had

not expired when Plaintiff sought an extension of time to appeal, the motion for an extension of time to appeal is denied as unnecessary. Plaintiff did not actually file a notice of appeal, however, and the Court therefore construes the motion for an extension of time to appeal as a timely notice of appeal.

## CONCLUSION

The Court denies Plaintiff's motion for an extension of time to file a notice of appeal (ECF 7) as unnecessary. The Court construes Plaintiff's motion for an extension of time to appeal as a notice of appeal. The Court directs the Clerk of Court to terminate Plaintiff's motion for leave to proceed IFP on appeal (ECF 8), because the Court has already denied IFP status for the purpose of an appeal. (ECF 5.)

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   July 21, 2023
         New York, New York

                                                      /s/ Laura Taylor Swain
                                                       LAURA TAYLOR SWAIN
                                                      Chief United States District Judge